UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| SHIRLEY HOGENHOUT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil No. 07-22-B-W |
| | ) |
| SAM'S EAST, INC. | ) |
| | ) |
| Defendant. | ) |

**ORDER ON DEFENDANT'S MOTION *IN LIMINE***

Sam's East, Inc. (Sam's) moves to exclude Shirley Hogenhout's evidence that a substance consistent with scrambled egg was found on her shoe sometime after she slipped and fell at Sam's. The Court denies Sam's motion without prejudice, allowing Ms. Hogenhout, if she can, to lay a foundation for the egg at trial.

**I.     STATEMENT OF FACTS**

On September 19, 2007, Sam's moved *in limine* to exclude evidence that the substance on the Plaintiff's shoe was egg. *Def.'s Mot.* in Limine (Docket # 10). Sam's says that the substance was found on one of the Plaintiff's shoes by a family member seven to ten days after the accident and that the Plaintiff's husband subsequently scraped the substance into a plastic bag. *Id.* at 1. Sam's claims that the Plaintiff, her husband, and perhaps other witnesses will testify that the substance is egg; however, it complains there will be no scientific confirmation and there is so little of the substance that to identify it would be "pure speculation." *Id.*

The Plaintiff Shirley Hogenhout responded on October 9, 2007. *Pl.'s Op. to Mot.* in Limine *of Def.* (Docket # 13). She describes the law suit as a "straight-forward slip-and-fall case." *Id.* at 1. She says she fell at Sam's while watching a Sam's employee perform an egg

cooking demonstration, claiming that her feet "seemed to come out from underneath her, as though she slipped on something slippery." *Id.* She was aware of no other substances nearby that would explain the fall. *Id.* Her husband later observed a substance consistent with scrambled egg on her shoe and scraped it into a plastic baggie, which has since been preserved, though not tested. *Id.* at 2. The substance amounts to "a few tiny flakes." *Id.* Ms. Hogenhout contends Sam's objection goes to weight, not admissibility.

Sam's has replied. *Def.'s Reply to Pl.'s Op. to Mot.* in Limine (Docket # 15). Sam's notes that at the final pretrial conference on October 10, 2007, the Magistrate Judge determined that a ruling on the motion *in limine* should be reserved for trial and would depend upon the Plaintiff's evidentiary foundation for its admissibility. *Id.*

## II. DISCUSSION

Regarding the motion *in limine*, the Magistrate Judge's Report of Final Pretrial Conference and Order states: "The parties agree this motion might be best resolved by the trial judge after hearing testimony and reviewing the exhibits." *Report of Final Pretrial Conference and Order* at 2-3 (Docket # 16). In view of the agreement of the parties as reflected in the Final Pretrial Order, the Court will rule on the admissibility of the egg evidence at trial, and, rather than leave the motion pending, the Court dismisses it without prejudice. Sam's is free to reinitiate the motion at the appropriate time during trial.

## III. CONCLUSION

The Court DISMISSES without prejudice Sam's East, Inc.'s Motion *in Limine* (Docket # 10).

SO ORDERED.

        /s/ John A. Woodcock, Jr.
        JOHN A. WOODCOCK, JR.
        UNITED STATES DISTRICT JUDGE

Dated this 12th day of October, 2007